A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RECEIVED JUN 19 2012 U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA DEPUTY CLERK

SCANNED at LSP and Emailed   7/2/12 by CM   17 pages
date   initials   No.

Conner Ray Brown          592088
_____        _____
Plaintiff                 Inmate Number

VERSUS

Caddo parish
Sheriff Department
Emergancy Response
Team

(Enter above the full name of each
defendant in this action.)

RECEIVED
JUL 0 2 2012
Legal Programs Department

Electronic Filing Pilot Program

In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2011, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.

In order for this complaint to be filed, it must be accompanied by the filing fee of $350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiff(s): _____
      _____

      Defendant(s): _____
      _____

   2. Court (if federal court, name the district; if state court, name the parish):
      _____
      _____

   3. Docket number: _____

   4. Name of judge to whom case was assigned: _____
      _____

   5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
      _____
      _____

   6. Date of filing lawsuit: _____
   7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
   Yes ( )    No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
_____
_____

II.   Place of present confinement: _____

A. Is there a prisoner grievance procedure in this institution?
   Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?   "The incident Took place in Cacldo Parish."
   Yes ( ) No ( )
   In which the "ARP" were filed.

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _____
_____

2. What steps did you take? _____
_____
_____

3. What was the result? I NEVER RECIEVED AN ANSWER.
_____

D. If your answer is No, explain why not: _____
_____

III.  Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) CONNER RAY BROWN
   Address  LOUISIANA STATE PENITENARY

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant <u>Caddo Parish Sheriff Departments</u> employed as <u>Emergency Response Team</u> at <u>Caddo Correctional Center</u>

C. Additional Defendants: _____

IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I have attached all documents, and papers describeing all the above.

V. Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes. Attach no exhibits. I WANt the courts to grant Me, direct damages, compensatory damages, treble damages remedy Relief!

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this _____ day of June 10th, 20 12.

_____
Connie Ray Brown
Signature of plaintiff(s)

On November 28, 2010 I was incarcerated at Caddo Correctional Center. At approx: 5:30 am on the way to breakfast, the deputy gave us instruction, there was no talking allowed, on the way going nor coming. On the way back to our cell, two of the inmates that were in the cell with me they begain playing around and one of them fell, and bumped his head, and I smiled, I heard the deputy tell them to come there! I walked into my cell. About two minute later the deputy begain clicking the cell door. I open the door, the deputy told me to come down to the deputy panel, so I walked down to the panel he told me to get ready for lock down, I asked him why? I said, I have not did nothing wrong. I obeyed your instruction. I did not talk or say anything. his responce, was, I am going to lock down the whole cell. The two inmates, which he saw playing around, they were standing there and telling him that if he lock them down, he had to lock me down to. While I am standing there explaining to him, I said, nothing, he remotly open the two sliding doors, unaware that he had called a signal. Once he calls a signal, it signal, what is called the emergencie responce team. When they come runing inside the dorm there is a procedure you have to do. It is, you must get down on the floor, with both hands behind your back, face down. I got down on the floor with both hands behind my back, as they was runing in, the deputy pointed at me, while I am down on the floor, one of them dived into my back, draging me about four to five feet across the floor! he begain to elbowing me in my back constantly. After they put this bar with the handcuffs on it. With my hands behind my back They grabed the bar and begain to drag me out the dorm They tried to make me stand up, but I could not! stand up. they druged me into the hallway and they begain to hit me in my chest at least five time At that point, I thought I was dead! I realize

2.

that I wasn't, when I saw the grey tile floor. After that horrible, felonious Aggravating Assault, from That visious Attack! that left me paralized and unable to uriernate on my owned, I don't have a regular bowel Movement, I can't walk or stand up. I am paralized from waste down, My intire body is num and full of Aggravating pain! I have had this cathater incerted in me, every since this physical cruelty, it is clearly, obvious that this is a serious offense, Caddo parish Sheriff department At caddo correctional center, committed. I am confined to a Wheel Chair. I am due for surgery at any time on my back and spinenal cord. I have been seen by doctors and physicians. I also have servere nerve damgage, there is Absolutely no dout, is a quais offense and Criminal Negligance. After this felonious Assault, now understanding Why, Ms. Mary harried, My court oppoined Attorney, refused to turn over the pictures, and demastration to Mr. Joseph bailley. Frist of All, Ms. harried, is an empolyee for Caddo parish, She was instructed not to release those evidence to Mr. bailley. And even if, she did, We learned later, that Mr. bailley was an formal empolyee for Caddo parish as well. Mr. bailley begain having conversation and visits with my family and I, After Mr. bailley had gether enough information about our intelligents of the law. he was well aware of this felonious Assault before we hired him. With Caddo parish Sheriff department At fault of this visious Offence. My trial procedural was held at Caddo parish Court house. With Mr. bailley informing Caddo parish Committee, Assuming and convinced that we were totally ignornant of the law. And with them having Actual knowlege that this is a consolidating or class action law suit, and would fined me with a lesser charge, such as, justified, accidental, or Negligence. in which his deceitfullness lead us to believe that these was the grounds would be our defense.

//

3

Mr. bailey and Caddo parish Committee, arranged a private conferance inculing the prosecuting Attorney, Mr. bailey saw a opportunity of a profitable atvantage where he could recieve a profit on his defense obligation as well as the offense. With him being a member of Caddo parish Committee, and with him having no complete medical report on my condition and injuries and damages. being influenced, he arranged an oroganize a false Agreement. they plan was, first, to Arrange a false procedual default, and a false misrepersention and, by not allowing the first A.R.P. Complaint form to be exposed, that was filed and Signed, when this visious Assault first occurred. Mr. bailey assignment and default agreement was to, continue to mislead, lie and decieve my family and I through and doing this misfeasance tainted trial, by allowing the prosecution to mislead the jury by allowing his expert wittness to lie under oath, this intire trial was well organized and tainted. Mr. bailey did not subpoena any of my wittness and did not allow the wittness that was present to come fourth to testifi in my behalf. he failed to sumit the clear and convincing evidence, the best evidence. they racketeering agreement, was to make sure, he allow the prosecution to have complete controll of the courtroom, by not sumitting, sufficient evidence and the genuine issue of material facts. he pretended as if he were defending me by acting as if he were my defense attorney doing the false trial proceeding under oath. watching this corrupty attorney, barganing, deciet and unlawfull transaction, knowing that he was instructed not to allow no evidense of the law suit that was filed, and did not allow no wittness to apear or testifi. I had nothing to present to the jury that would convince them of my innocence. Absolutely Nothing. Null Null he intentionally, deliberately

4.

did not defend me, his ineffective assistance of counsel, is absolutely complete failure! Mr. bailley and Caddo parish Committee, and they oganize oganization, deprived me of my Constitutional rights this is extrinsic fraud, fraud on the Court, Actual fraud And Obstruction of justice! All of this unjustice Unlawfull, racketeering Corrupt And defilement. I realizide that I was fighting Against a whole parish Committee, And with A defiled And bad faith Attorney Without, Absolutely No defense, Nothing to present or smit to the jury, they put My life in jeoparty, there was No other Chocie but to find me guilty. they thought And Assumed with Mr. bailley informing them that we were totally ignorant of the law, And had No idiea how the judicial System operate. With Mr. bailly Conspiring, they Assumed that they would Avoid the law suit by Mr. bailley Not filing the Complaint Against Caddo parish Sheriff department, by Allowing the Staue of limation to run out, in which he had enough time to do so I Need Not go Any futher, I think I have explained, enough for you to understand All of the hurt the Suffering, Aggraney, pain, Aggravating, Mental destress, physical destress, And Mental Anguish and deceit! All of this unjustice, Unfairness, Unlawfull, and Unfaithfull. I am Asking the Courts to examine this wrongfull decision, And Carefully Understand what I have been through, the trauma, the trial, the Sentence, I am sure there is Not a Court in the United States, would Not grant a Motion for a review, reversal, reexamine remit, New trial. I am Asking, respectfully the Courts for an direct Appeal And a Change of Ventue. I am seeking damages, direct damages Compensatory damages, treble damages.