UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CONNER RAY BROWN** | **CIVIL ACTION NO. 5:12-cv-1827** |
|     LA. DOC #592088 | |
| VS. | **SECTION P** |
| | |
| | **JUDGE TOM STAGG** |
| **CADDO PARISH EMERGENCY** | |
| **RESPONSE TEAM, ET AL.** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

Consolidated With

| | |
|---|---|
| **CONNER RAY BROWN** | **CIVIL ACTION NO. 5:12-cv-2070** |
|     LA. DOC #592088 | |
| VS. | **SECTION P** |
| | |
| | **JUDGE TOM STAGG** |
| | |
| **JOHN DOE, ET AL.** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

REPORT AND RECOMMENDATION

Plaintiff Conner Ray Brown filed the instant civil rights complaints on July 2 and August 1, 2012. Since plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the matter has been referred to the undersigned for initial review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636, 28 U.S.C. §1915, 28 U.S.C. §1915A and the standing orders of the Court. For the following reasons it is recommended that the complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## *Statement of the Case*

Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola where he is serving the life sentence imposed by the First Judicial District Court following his conviction for second degree murder. [*See State of Louisiana v. Conner Ray Brown*, 48,257 (La. App. 2 Cir. 9/25/2013) --- So.3d --- , 2013 WL 5345632]

He filed his original complaint on July 2, 2012 alleging that he was the victim of excessive force by corrections officers while he was a pre-trial detainee at the Caddo Corrections Center (CCC) on November 28, 2010. He also claimed that he was wrongly convicted and sentenced due to the ineffective representation of his trial counsel. [Doc. 1]

Thereafter, in August 2012 plaintiff filed a virtually identical complaint concerning the events of November 28, 2010. That matter was assigned Civil Action No. 5:12-cv-2070 and on February 14, 2012 the two actions were consolidated. [Doc. 9].

On March 20, 2013 plaintiff filed an amended complaint. Therein he reiterated the claims set forth in the original complaint concerning the incident of November 28, 2010 and the injuries he sustained as a result of the alleged assault. In addition, he alleged that he submitted an administrative remedies grievance to prison officials on December 1, 2010 and that shortly thereafter, the administration's response "confirm[ed] this horrifying vicious attack..." He also again claimed that his retained counsel provided ineffective assistance resulting in his conviction and current incarceration. According to plaintiff, he was insane at the time of the offense and incompetent to proceed to trial yet his retained counsel failed

to raise these defenses. Further, according to plaintiff, his trial attorney failed to raise and successfully present various other defenses. [Doc. 15]

On March 28, 2013 plaintiff filed a memorandum in support of his original and amended complaints. He claimed (1) that he was diagnosed with a "severe mental disease" in 2007; (2) that he was "illegally" charged with second degree murder when the evidence clearly established that the homicide he committed was justified in self defense; (3) that he was beaten by Corrections Officers and remains paralyzed as a result of that attack; (4) that the Sanity Commission which examined him prior to trial falsified their findings and their conclusion that he was competent to stand trial; (5) that his retained trial counsel rendered ineffective assistance and worked in concert with the prosecution to illegally convict the plaintiff; and, (6) that plaintiff was transported to the Louisiana State Penitentiary by bus rather than by ambulance in violation of the Americans with Disabilities Act. [Doc. 16]

On August 23, 2013 plaintiff filed yet another amended complaint seeking production of the Caddo Parish indictment charging him with second degree murder. He also again alleged that he is innocent of the crime of conviction and that his retained counsel rendered ineffective assistance.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156

F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## *2. Limitations*

The district court is also authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law.

*Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff complains that he was the victim of excessive force at the hands of Caddo Parish Corrections officers on November 28, 2010. Based upon his description of the events, plaintiff must have been aware of the alleged violation of his rights on that date. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had one year from November 28, 2010 in which to file his complaint, or until November 28, 2011. Plaintiff's complaint – filed on July 2, 2012 – was filed well beyond the 1-year period of limitations and therefore, is also subject to being dismissed as frivolous.

Of course, limitations may be delayed under the principle of equitable tolling. *See, e.g.*, *Starks v. Hollier*, 295 Fed. Appx. 664 at 665 (stating that "[t]he statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement."). Federal courts may apply both state and federal equitable tolling doctrines in determining whether a statute of limitations should be tolled. *Compare Burge v. Parish of St. Tammany*,

5

996 F.2d 786, 788 (5th Cir.1993)). In Louisiana, statutes of limitations are tolled when a plaintiff is "legally unable to act." *Id.* (citing *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir.1999)). This occurs: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. *Id.* (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir.2002).

In this case, it appears that plaintiff engaged in the administrative remedies procedure afforded by Caddo Corrections Center. However, by his own admission, the grievance process ended shortly after December 1, 2010 when the administration's response "confirm[ed] this horrifying vicious attack..." Thus, even if plaintiff were afforded the benefits of equitable tolling with regard to the period during which he attempted to exhaust the grievance process, his claim of excessive force would still be prescribed.

Similarly, it does not appear that other grounds exist to warrant equitable tolling of his excessive force claim. Plaintiff implies, but does not specifically argue, that his ignorance of the law and various physical and mental disabilities may supply the rationale for equitable tolling; however, it has long been held that lack of knowledge about the law does not justify equitable tolling. *See, Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling); *Felder v. Johnson*, 204 F.3d 168,

171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief ...").

Furthermore plaintiff was able to formulate his excessive force complaint to the prison administrators within a month of the alleged attack. Thereafter, he participated in his direct appeal process by submitting numerous pro se pleadings to the Second Circuit Court of Appeals. [*See State v. Brown*, 2013 WL 5345632 at \*\*6, "... Brown has filed several lengthy, mostly handwritten, pleadings with this court in the nature of appellate briefs; all of these pleadings complain generally of ineffective assistance of trial counsel, especially in regard to issues related to defendant's mental and physical health."] In short, nothing suggests that plaintiff was incapable (by virtue of either mental or physical disabilities) of submitting his complaint in a timely fashion.

### 3. Heck v. Humphrey Considerations

Plaintiff also maintains that his arrest, indictment, prosecution, conviction, and imprisonment were and are unlawful; he prayed for "direct damages, compensatory damages, [and] treble damages."

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the

United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of his conviction and incarceration. Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. (A "claim which falls under the rule

in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.)

*4. ADA Claim*

Finally, plaintiff complained about the manner utilized to transport him from Caddo Parish to the Louisiana State Penitentiary. He claimed that he was transported by bus and not ambulance that this violated his rights under the Constitution and the Americans With Disabilities Act or ADA.

It is unclear when this action occurred and in all likelihood, the claim, like his excessive force claim, is probably prescribed. Nevertheless, the pleadings clearly are insufficient to state a claim for relief under either the ADA or the Constitution. *See Nottingham v. Richardson,* 499 Fed. Appx. 368, 377 (5th Cir. 368), citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996), "The ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners...'" and ultimately holding that prisoner-plaintiff failed to state a claim under the ADA although he was unable to walk and was left on the floor of the prison's transit van when transferred from one prison to another.

Finally, plaintiff alleged no injury, damage, or prejudice resulting from the manner in which he was transported to the Louisiana State Penitentiary. His claim, whether analyzed under the Constitution or the ADA, is clearly frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Shreveport, Louisiana on this 8th day of November, 2013.

Mark L. Hornsby
U.S. Magistrate Judge